IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JESSE GARCIA,**

    **Plaintiff,**

v.                                                      1:23-cv-01040-JHR/JMR

**JULIE HICKMAN, and**
**HONEYWELL FEDERAL MANUFACTURING**
**AND TECHNOLOGIES, LLC,**
a foreign limited liability company

    **Defendants.**

**<u>ANSWER OF HONEYWELL INTERNATIONAL FEDERAL
MANUFACTURING AND TECHNOLOGIES, LLC TO PLAINTIFF'S
COMPLAINT FOR PERSONAL INJURY</u>**

    **NOW INTO COURT**, through undersigned counsel, comes Defendant, Honeywell International Federal Manufacturing & Technologies, LLC ("Honeywell FM&T"), who, without waiving any and all applicable defenses and exceptions, hereby responds to the Original Complaint ("Complaint") filed by Plaintiff, Jesse Garcia.

1. The allegations of Paragraphs 1 and 2 of the Complaint do not pertain to Honeywell FM&T and, therefore, no response is required. However, to the extent a response is required from Honeywell FM&T, it denies the allegations of Paragraphs 1 and 2 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

2. Honeywell FM&T denies the allegations contained in Paragraph 3 of the Complaint as written, except to admit that Honeywell Federal Manufacturing & Technologies, LLC is a limited liability company organized under the laws of the State of Delaware that is authorized to do, and doing, business in New Mexico.

4891-8337-1408 V1

3. Honeywell FM&T denies the allegations contained in Paragraph 4 of the Complaint as written, except to admit that, upon information and belief, a vehicle driven by Defendant, Julie Hickman, came into contact with a vehicle that the Plaintiff, Jesse Garcia, was a passenger of on September 22, 2022.

4. The allegations of Paragraph 5 of the Complaint call for legal conclusions concerning whether jurisdiction and venue are proper and, therefore, no response is required. However, to the extent a response is required from Honeywell FM&T, it admits jurisdiction and venue are proper in the United States District Court, District of New Mexico.

5. The allegations of Paragraphs 6 through 9 of the Complaint do not pertain to Honeywell FM&T and, therefore, no response is required. However, to the extent a response is required from Honeywell FM&T, it denies the allegations of Paragraphs 6 through 9 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

6. The allegations of Paragraph 10 of the Complaint call for a legal conclusion about duty and, therefore, no response is required. However, to the extent a response is required from Honeywell FM&T, it denies the allegations contained in Paragraph 10 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof

7. The allegations of Paragraph 11 of the Complaint do not pertain to Honeywell FM&T and, therefore, no response is required. However, to the extent a response is required from Honeywell FM&T, it denies the allegations of Paragraph 11 of the Complaint.

8. Honeywell FM&T denies the allegations contained in Paragraph 12, including subparagraphs (A) through (C), of the Complaint.

9. The allegations of Paragraph 13 of the Complaint call for legal conclusions concerning whether certain traffic laws were violated by Defendant Julie Hickman, and, therefore, no response is required. However, to the extent a response is required from Honeywell FM&T, it denies the allegations contained in Paragraph 13 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

10. Honeywell FM&T denies the allegations contained in Paragraph 14, including subparagraphs (A) through (C), of the Complaint.

11. Honeywell FM&T denies the allegations contained in Paragraph 15 of the Complaint.

12. Honeywell FM&T denies the allegations contained in Paragraph 16 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

13. Honeywell FM&T denies the allegations contained in Paragraph 17 of the Complaint.

14. In response to the allegations contained in the last, unnumbered paragraph of the Complaint, Honeywell FM&T denies that the Plaintiff is entitled to recover from Honeywell FM&T any of the relief claimed. Honeywell FM&T denies that there is any proper evidence showing conduct by Honeywell FM&T entitling Plaintiff to any relief in any form whatsoever from Honeywell FM&T.

## HONEYWELL FM&T'S DEFENSES

Having answered the allegations of Plaintiff's Complaint, and having denied any liability whatsoever, Honeywell FM&T further denies any allegations that have not been expressly admitted and sets forth below its defenses. By setting forth these defenses, Honeywell FM&T does not assume the burden of proving any fact, issue, or element of a cause of action where such

burden properly belongs to Plaintiff. Moreover, Honeywell FM&T does not intend these defenses to be, nor shall they be construed as, an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. Honeywell FM&T does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any such defense.

15. All allegations of the Complaint for Personal Injury not expressly admitted in this Answer are denied.

16. The Complaint fails to state claims upon which relief can be granted.

17. Honeywell FM&T denies any liability under any theory of law.

18. Julie Hickman may not have been in the course and scope of her employment with Honeywell FM&T at the time of the subject accident on September 22, 2022.

19. The sole, proximate cause of the alleged injuries and damages complained of in the Complaint was the act or acts of Plaintiff, Jesse Garcia, and/or third party or parties for which Honeywell FM&T is in no way responsible for.

20. The comparative negligence and/or fault of third parties, which negligence may have been the approximate, contributing cause of the alleged injuries and damages, should be apportioned, and any damages awarded against Honeywell FM&T should be reduced by the percentages of fault found against third parties, and any award against Honeywell FM&T should be limited only to its respective percentage of fault, which fault is denied.

21. Any injuries or expenses sustained or incurred by Plaintiff were proximately caused in whole or in part by the conduct of, superseding or independent, intervening actions of one or more persons or entities other than Honeywell FM&T, including, any

conduct of Plaintiff, Jesse Garcia, for whose conduct Honeywell FM&T is not responsible.

22. Jesse Garcia's injuries and/or damages, if any, were caused or contributed to by his own comparative fault or neglect, and as a result, any award to Plaintiff is barred or should be reduced in proportion to the extent of that fault.

23. Plaintiff may have failed to mitigate his claimed damages.

24. Plaintiff's claims are barred to the extent there is no causal connection between the claimed injuries and the allegations of negligence against Honeywell FM&T.

25. Honeywell FM&T pleads the affirmative defense of "set off."

26. Plaintiff's claims are barred, reduced, and/or limited to the extent that Honeywell FM&T is entitled to a credit or setoff for all sums Plaintiff has received in the way of any and all settlements.

27. Honeywell FM&T does not knowingly or intentionally waive any applicable defenses.  Honeywell FM&T hereby gives notice and reserves the right to assert additional defenses that may be discovered in the course of the proceedings of this matter and to which it may be entitled under the law, including case law, statutes and rules, of the jurisdictions whose law may be found to apply to the claims asserted.

28. To the extent any affirmative defenses pled herein are contradictory, mutually exclusive, or otherwise inconsistent, Honeywell FM&T pleads such contradictory, mutually exclusive, or inconsistent affirmative defenses in the alternative.

## **CONCLUSION/PRAYER FOR RELIEF**

Wherefore, Honeywell Federal Manufacturing & Technologies, LLC requests that the Plaintiff's Complaint for Personal Injury against it be dismissed with prejudice, or in the alternative, that it be awarded judgment in its favor with attorney's fees and costs.

4891-8337-1408 V1

## **JURY DEMAND**

Honeywell FM&T requests a trial by jury on all claims and defenses, with the maximum number of jurors allowed by law.

Respectfully Submitted:

*/s/ Monica R. Garcia*
Monica R Garcia
BUTT THORNTON & BAEHR PC
PO Box 3170
Albuquerque, NM  87190
Phone: (505) 884-0777
Fax: (505 889-8870
mrgarcia@btblaw.com

And

John F. Jakuback (La. Bar #21643)
(*pro hac vice admission pending*)
Randal R. Cangelosi (La. Bar #23443)
(*pro hac vice admission pending*)
Forrest E. Guedry (La. Bar #36482)
(*pro hac vice admission pending*)
KEAN MILLER LLP
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA  70802
Phone:   (225) 387-0999
John.Jakuback@keanmiller.com
Randy.Cangelosi@keanmiller.com
Forrest.Guedry@keanmiller.com

*Counsel for Honeywell Federal Manufacturing and Technologies, LLC*

**4891-8337-1408 V1**

I HEREBY CERTIFY that on the 1st day of December, 2023, I filed the foregoing electronically through the EM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Roger I. Smith
Christopher J. Templeman
SMITH TEMPLEMAN LAW FIRM, LLC
1306B Rio Grande Blvd. NW
Albuquerque, NM 87104
T: 505-433-1583
F: 505-393-1778
roger@smithtempleman.com
chris@smithtempleman.com
*Attorneys for Plaintiff*

Meena Allen
6121 Indian School Road NE, Suite 230
Albuquerque, NM 87110
T: 505-298-9400
F: 505-298-7070
mallen@mallen-law.com
*Attorney for Julie Hickman*


*/s/ Monica R. Garcia*
Monica R. Garcia

4891-8337-1408 V1