IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE GARCIA

      Plaintiff,

v.                                                      No. 1:23-cv-01040-KWR-JMR

JULIE HICKMAN and
HONEYWELL FEDERAL MANUFACTURING
AND TECHNOLOGIES, LLC

      Defendants.

*Consolidated With*

DONALD GARCIA

      Plaintiff,

v.                                                      No. 1:24-cv-00059-JMC-LF

JULIE HICKMAN, *ET AL*.

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' Motion to Consolidate Related Cases. Doc. 33. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' Motion to Consolidate is well-taken and, therefore, is **GRANTED**.

## BACKGROUND

This Motion involves a request by Defendants, Julie Hickman and Honeywell Federal Manufacturing and Technologies, LLC, to consolidate two pending cases in which they are defendants. Both cases stem from a motor vehicle accident that occurred on or about September

22, 2022, involving Plaintiff and Defendant Hickman in Albuquerque, New Mexico. Doc. 33 at 1. At the time of the accident, Plaintiff was a passenger in a vehicle driven by his brother, Donald Garcia, who is a plaintiff in the companion lawsuit, *Donald Garcia v. Julie Hickman and Honeywell Federal Manufacturing and Technologies, LLC*, No. 1:24-cv-00059-JMC-LF.

On October 12, 2023, Plaintiff filed a Complaint in the Second Judicial District for the County of New Mexico under D-202-cv-2023-08063 against Defendants Hickman and Honeywell. Doc. 33 at 2. On November 21, 2023, Defendant Honeywell removed the case to this Court based on diversity jurisdiction. Doc. 1. Plaintiff Jesse Garcia seeks damages from Defendant Hickman for alleged violations of NMSA 1978 § 66-7-337, 66-7-114, and 66-7-318 and a tort claim of negligence *per se*. Doc. 1. Plaintiff Jesse Garcia seeks damages from Defendant Honeywell via a theory of *respondeat superior*. *Id*.

On November 14, 2023, Donald Garcia filed a Complaint for Damages in the Second Judicial District Court for the County of New Mexico under D-202-cv-2023-08834 against Defendants Hickman and Honeywell. On January 17, 2024, Defendant Hickman removed that case to this Court. Doc. 1. Mr. Donald Garcia's Complaint contains the same causes of action and theories as Plaintiff Jesse Garcia. Doc. 1-1.

Defendants argue the lawsuits filed by Plaintiff in this matter and by Mr. Donald Garcia arise from the same motor vehicle accident, seek damages pursuant to identical causes of action, and involve the same set of facts and issues. Doc. 33 at 4. Therefore, consolidation is in the best interests of convenience and judicial economy. *Id*. Plaintiff Jesse Garcia opposes Defendants' Motion, arguing that any conclusion of common issues of law or fact are premature. Doc. 34 at 1. Plaintiff Jesse Garcia and Donald Garcia do not have common treatment providers, have differing medical expenses, separate expert witnesses, and are at different stages of recovery. *Id*. at 2.

**LEGAL STANDARD**

A court has discretion to consolidate two cases "[w]hen actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a).  While a common question of law or fact is a necessary condition for consolidation, it is not the only consideration. "If there is a common question, then the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *Leviton Manufacturing Co. v. Nicor, Inc.*, No. CIV 04-424, 2007 WL 505784, at *3 (D.N.M. Jan. 8, 2007); *Servants of the Paraclete v. Great American Insurance Co.*, 866 F.Supp. 1560 (D.N.M.1994); *Anderson Living Tr. v. WPX Energy Prod., LLC*, 297 F.R.D. 622 (D.N.M. 2014).  "It is the moving party's burden to establish that consolidation would promote trial convenience and economy in administration." *Id*. citing, *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  This Court has broad discretion in determining the consolidation of cases. *Gillette Motor Transp., Inc. v. N. Okla. Butane Co.*, 179 F.3d 711 (10th Cir. 1950). "[C]onsolidation does not merge separate suits into one cause of action." *Harris v. Ill.-Cal. Exp., Inc.*, 687 F.2d 1361 (10th Cir.1982).  "Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's facade, lie two individual cases." *Anderson Living Tr.*, 297 F.R.D. 622 at 631 citing, *Chaara v. Intel Corp.*, 410 F.Supp.2d 1080, 1089, 1094 (D.N.M.2005) quoting *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir.1982)).

**DISCUSSION**

**I.     Common Questions of Law or Fact Exist**

Both cases involve common issues of law or fact.  Plaintiff Jesse Garcia and Mr. Donald Garcia, occupants of the same vehicle, seek damages pursuant to identical causes of action against

3

the same Defendants from the motor vehicle accident in question that occurred on or about September 22, 2022. Plaintiff is likely correct in his assertion that Jesse and Donald Garcia have dissimilar injuries, were treated by different providers, will use separate experts at trial, and have recovered at different speeds. However, the fact remains that both cases against the same Defendants involve common questions of law and fact. To the extent that Plaintiff argues there are differences between the two cases, consolidation would preserve each plaintiff's individual case. *Anderson Living Tr.*, 297 F.R.D. 622 at 631. Because common questions of law and fact exist, the Court must next weigh the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause.

**II.     Judicial Convenience and Economy Weigh in Favor of Consolidation**

The Court will consolidate the cases. It would be extremely wasteful of the Court's resources for two judges to preside over two separate trials involving identical causes of action from the same accident, overlapping discovery and testimony, and against the same Defendants. Although Plaintiff is likely correct in his assertions that there are differences between the injuries, recoveries, expert witnesses, and medical bills between Messrs. Garcia, the Court is not convinced the cases and injuries suffered "are not common facts in any respect" as he contends. Doc. 34 at 2. While Plaintiff argues he may face unnecessary delay due to consolidation, this Court disagrees. Neither a settlement conference nor a trial have been scheduled in this case. Discovery is far from over and dispositive motions have not been filed. Nor would consolidation cause delay, confusion, or prejudice. Therefore, this Court finds Defendants have met their burden to show that consolidation would produce substantial tangible efficiencies warranting consolidation and grants Defendants' Motion to Consolidate.

## CONCLUSION

For the reasons stated herein, it is therefore **ORDERED** that:

1. Defendants' Motion to Consolidate (Doc. 33) filed in 1:23-cv-01040-KWR-JMR is **GRANTED**;

2. The case of *Donald Garcia, Plaintiff v. Julie Hickman and Honeywell Federal Manufacturing and Technologies, LLC, Defendants*, No. 1:24-cv-00059-JMC-LF, is hereby consolidated with the case, No. 1:23-cv-01040-KWR-JMR, and the caption of this case shall be amended to note consolidation;

3. The Clerk of the Court is directed to reassign the case of *Donald Garcia, Plaintiff v. Julie Hickman and Honeywell Federal Manufacturing and Technologies, LLC, Defendants*, No. 1:24-cv-00059-JMC-LF, to the undersigned judge;

4. No further pleadings shall be filed in *Donald Garcia, Plaintiff v. Julie Hickman and Honeywell Federal Manufacturing and Technologies, LLC, Defendants*, No. 1:24-cv-00059-JMC-LF, **and all future filings must be made in case No. 1:23-cv-01040-KWR-JMR** *Jesse Garcia v. Julie Hickman and Honeywell Federal Manufacturing and Technologies, LLC*.

                                                               /s/
                                                  KEA W. RIGGS
                                                  UNITED STATES DISTRICT JUDGE